BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN (*To be admitted Pro Hac Vice*)
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
Facsimile: 602/274-1199

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  619/756-6978
Facsimile:  602/798-5860

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY PULLMAN, on Behalf of Herself) and All Others Similarly Situated and the General Public, <br><br> Plaintiff, <br><br> vs. <br><br> HUNGRY MACHINE, INC., a Delaware Corporation, d/b/a LIVINGSOCIAL.COM <br><br> Defendant. | Case No. **'11CV0846 LAB JMA** <br><br> **COMPLAINT** <br><br> <u>CLASS ACTION</u> <br><br> 1.  Violation of the Credit Card Accountability Responsibility and Disclosure Act and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; <br> 2.  Violation of the Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*; <br> 3.  Violation of the False Advertising Law, California Business and Professions Code § 17500 *et seq.*; <br> 4.  Violation of the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*; and <br> 5.  Unjust Enrichment <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Kimberly Pullman ("Plaintiff" or "Plaintiff Pullman"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendant Hungry Machine, Inc. d/b/a LivingSocial.com ("LivingSocial" or "Defendant") for compensatory damages and equitable, injunctive, and declaratory relief.  Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and other similarly situated consumers nationwide who purchased gift certificates for products and services from LivingSocial.   These gift certificates are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

2.      LivingSocial is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

3.      LivingSocial's business model is based on offering discounts to consumers en masse by directly partnering with retail businesses that provide the products or services. LivingSocial promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

4.      LivingSocial and its retailer partners share in revenues from "Daily Deal" sales. Once a consumer purchases a particular "Daily Deal," LivingSocial charges the consumer the advertised purchase amount and sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "livingsocial" gift certificate.   The consumer may then redeem the "livingsocial" gift certificate with the retail business offering the product or service for a limited period of time.

5.      LivingSocial partners with hundreds, if not thousands, of retail businesses around the country.

6.      The problem with LivingSocial's business model is that LivingSocial and its retail partners, sell and issue "livingsocial" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date.  However, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*., specifically prohibit the sale and issuance of gift certificates, such as "livingsocial" gift certificates, with expiration dates.  Similarly, California Civil Code § 1749.5, prohibits the sale and issuance of gift certificates with expiration dates.

7.      LivingSocial's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers.  LivingSocial effectively creates a sense of urgency among consumers to quickly purchase "livingsocial" gift certificates by offering "Daily Deals" for a short amount of time, usually a 24-hour period.  Consumers therefore feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by LivingSocial, including illegal expiration terms, which are relatively short, often just a few months.

8.      LivingSocial and its retail partners bank on the fact that consumers often will not redeem "livingsocial" gift certificates before the limited expiration period – therefore, many consumers are left with nothing, despite already having paid for the particular service or product.  Accordingly, LivingSocial and its retail partners reap a substantial windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the California State Legislature intended to prohibit.

9.      Plaintiff, like many unsuspecting consumers nationwide, fell victim to LivingSocial's and its retail partners' deceptive and unlawful illegal conduct and purchased a "livingsocial" gift certificate bearing an illegal expiration date.

10.     Plaintiff, on behalf of herself and the Class, therefore brings this class action against LivingSocial for preliminary and permanent injunctive relief, declaratory relief, and equitable relief based on the violations of the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code§ 17200 *et seq.* ("UCL" or "17200"); the False Advertising Law, Cal. Bus & Prof. Code § 17500 *et seq.* ("FAL" or "17500"); Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); and unjust enrichment.  Plaintiff seeks damages and equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members, compensatory and punitive damages, an order enjoining LivingSocial from selling and issuing "livingsocial" gift certificates with unlawful expiration dates, Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which greater than two-thirds of the class members reside in states other than the state in which LivingSocial is a citizen.  In addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

12.     This Court has personal jurisdiction over LivingSocial because LivingSocial is authorized to do business and does business in California, LivingSocial has specifically marketed, sold and issued "livingsocial" gift certificates in California, and LivingSocial has sufficient minimum contacts with this State and/or sufficiently avails itself to the markets of this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action occurred in this District and because Defendant:

(a)     is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through the promotion, marketing, distribution and sale of "livingsocial" gift certificates in this District;

(b)     does substantial business in this District; and

(c)     is subject to personal jurisdiction in this District.

## PARTIES

14.     At all times relevant to this matter, Plaintiff Pullman, resided and continues to reside in San Diego, California.  During the relevant time period, Plaintiff received offers for discounted products and services from LivingSocial and purchased a "livingsocial" gift certificate based on representations and claims made by LivingSocial.  The "livingsocial" gift certificate purchased by Plaintiff contained an illegal expiration date.

15.     Defendant Hungry Machine, Inc. d/b/a LivingSocial.com is a privately-held company incorporated under the laws of the state of Delaware.  Defendant's principal place of business is at 2719 M St. NW, Washington, D.C., 20007.  Defendant is registered to do business in the state of California.  Defendant markets, sells and issues its "livingsocial" gift certificates to millions of consumers throughout the United States, including hundreds of thousands of consumers in California and in San Diego County.

## FACTUAL ALLEGATIONS

**A.     LivingSocial's Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates**

16.     LivingSocial originated as a Facebook developer specializing in "social apps" that let people organize, review, and discover books, music, movies, restaurants, video games, and beer. LivingSocial quickly gained popularity and, with backing from venture capital firm Grotech Ventures, it launched "LivingSocial Deals"—a "social commerce" website that promises consumers discounted deals on various products and services, purportedly through the power of "group buying."

17.     To take advantage of the deals offered by LivingSocial, consumers must sign-up and provide their e-mail address and certain other information to LivingSocial.  Over 20 million people worldwide have signed-up to receive offers from LivingSocial.

18.     Every day, LivingSocial sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered.  LivingSocial sends targeted "Daily Deal" e-mails to over 150 cities throughout the United States.

19.     To arouse consumer interest and create the urgency to buy "livingsocial" gift certificates, LivingSocial offers the "Daily Deal" for a limited amount of time, usually a 24-hour period.  This creates a "shopping frenzy" among consumers who feel pressured to purchase "livingsocial" gift certificates as quickly as possible.  Consumers purchase "livingsocial" gift certificates directly through LivingSocial's website, using their credit or debit cards.

20.     LivingSocial also uses electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "livingsocial" gift certificates before time runs out.

21.     Once a consumer purchases a "livingsocial" gift certificate, LivingSocial sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "livingsocial" gift certificates.  Consumers may also purchase and download "livingsocial" gift certificates directly to their mobile phones using an application available on LivingSocial's website.  "LivingSocial" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

22.     LivingSocial imposes illegal expiration dates, among other onerous conditions, on each "livingsocial" gift certificate it sells and issues, to the detriment of consumers.  The expiration periods on "livingsocial" gift certificates are frequently just a few months from the date of purchase.  LivingSocial knows that after it has driven consumers to purchase "livingsocial" gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period. For example, independently

conducted studies have recently estimated that between 20% and 30% of these gift certificate are never used.[1]

23. Accordingly, consumers often cannot take advantage and use the product or service for which they paid before the expiration period imposed by LivingSocial – leaving a substantial windfall for LivingSocial and its retail partners.

24. In addition to imposing illegal expiration periods, LivingSocial foists other deceptive and unfair conditions on consumers. LivingSocial requires consumers to redeem "livingsocial" gift certificates in the course of a single transaction. Consumers therefore are forced to redeem their gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions. Likewise, consumers cannot redeem any unused portion of "livingsocial" gift certificates for the cash amount. Moreover, LivingSocial does not provide cash refunds to consumers when the retail business offering the services or products refuses to honor the "livingsocial" gift certificate. LivingSocial essentially places handcuffs on the manner in which consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

**B.** **LivingSocial's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

25. LivingSocial focuses on two markets – the consumers who wish to obtain the advertised products or services by purchasing "livingsocial" gift certificates, and the retail businesses who partner with LivingSocial to promote their products and services. These retail businesses are willing to partner with LivingSocial and offer their products and services at a discount because LivingSocial promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business. In fact, LivingSocial promises its retail partners that on the day of the local retailer's promotion "thousands of

[1] *See* Beth Teitell, *You don't have to 'eat' expired coupon deals* (March 13, 2011), http://www.charlotteobserver.com/2011/03/13/2134235/you-dont-have-to-eat-expired-coupon.html

excited readers will open their email to read about [the retail business's] offering—many of them buying on the spot."

26. LivingSocial partners with both local businesses and large, nationwide companies. LivingSocial's business model, particularly its ability to establish partnerships with retail businesses, depends in large part on its systematic use of illegal expiration dates. LivingSocial knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of "livingsocial" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates. Accordingly, LivingSocial and its retail partners, continue to flaunt the law by imposing illegal expiration dates on the "livingsocial" gift certificates sold to consumers.

27. LivingSocial attempts to circumvent federal and state gift certificate laws by inserting a disclaimer, titled "The Fine Print," which is buried at the bottom of "livingsocial" gift certificates in tiny, barely legible font that is readily overlooked by consumers. LivingSocial's disclaimer states:

> If the state or province where the merchant is located prohibits earlier termination, then the amount you paid for the voucher will expire five (5) years from the date the voucher is issued. The prepaid portion of the voucher will not expire in states and provinces where it is prohibited by law.

28. Moreover, the disclaimer does not excuse nor justify LivingSocial's use of illegal expiration periods. As set forth below, LivingSocial's imposition of expiration dates on "livingsocial" gift certificates constitutes *per se* violations of federal and state laws, for which there is no applicable exception.

29. In any event, once "livingsocial" gift certificates reach their illegal expiration periods, LivingSocial refuses to honor the bargain originally struck between the parties.

30. LivingSocial reaps massive profits from this business model. LivingSocial typically takes for itself a "commission fee for use of the [LivingSocial] platform"—ranging from 30% to 50%—on the sale of each "livingsocial" gift certificate. LivingSocial's retail partners also profit from the influx of new customers and bolstered sales that result from the

sale of "livingsocial" gift certificates.  But again, LivingSocial's and its retail partners' undue profits are based in large part on their use of illegal expiration periods on the gift certificates sold to consumers.

**C.    Plaintiff Pullman's Purchase of a LivingSocial Gift Certificate with an Illegal Expiration Date**

31.    On or about September 24, 2010 Plaintiff Pullman received a "Daily Deal" e-mail offer from LivingSocial for a "livingsocial" gift certificate. *See* Exhibit A.

32.    The e-mail sent to Plaintiff contained a hyperlink to LivingSocial's website. Under the terms of the "Daily Deal" offer, as set forth on LivingSocial's website, Plaintiff paid $15 to LivingSocial in exchange for a "livingsocial" gift certificate redeemable for $30 worth of food and drink at Bare Back Grill in San Diego, California.

33.    "The Fine Print" section of the "Daily Deal" offer stated that the "livingsocial" gift certificate's "Promotional value expires on March 27, 2011."  "The Fine Print" section also imposed the following conditions:

> Limit 1 per person per visit • Not valid during happy hour • Dine-in only (not valid for takeout or delivery) • Other conditions apply • Promotional value expires on March 27, 2011

> Except where noted in the Fine Print:
> - No cash value/cash back
> - Tax and gratuity are not included
> - Entire value must be used in one visit
> - Cannot be combined with any other offer or promotion
> - Living   Social   Terms   and   Conditions   – livingsocial.com/terms

34.    In even smaller text (approximately size 6-font), the "livingsocial" gift certificate states the following:

> If the state or province where the merchant is located prohibits earlier termination, then the amount you paid for the voucher will expire five (5) years from the date the voucher is issued.  The prepaid portion of the voucher will not expire in states and provinces where it is prohibited by law.

35.    Plaintiff subsequently received an e-mail from LivingSocial confirming her purchase of the "livingsocial" gift certificate.  The e-mail contained a link to LivingSocial's website from which Plaintiff could download and print the "livingsocial" gift certificate.

36.     Plaintiff was unable to redeem the "livingsocial" gift certificate before the March 27, 2011 expiration period imposed by LivingSocial.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of herself and all those similarly situated pursuant to Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiff seeks certification of the following Class:

All persons in the United States who purchased or otherwise acquired a "livingsocial" gift certificate issued by LivingSocial with an expiration date that is earlier than the expiration period provided under applicable federal and state laws.

Specifically excluded from the Class are LivingSocial's officers, directors or employees, any entity in which LivingSocial has a controlling interest, and any of LivingSocial's affiliates, legal representatives, heirs, or assigns.   Plaintiff reserves her right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

39.     ***Numerosity.*** The Class is comprised of millions of consumers throughout California and the United States.   The Class is so numerous that joinder of all members of the Class is impracticable.

40.     ***Commonality.*** As outlined below, common questions of law and fact exist as to all members of the Class.   Additionally, common questions of fact and law exist because Plaintiff and all Class Members purchased "livingsocial" gift certificates under a standardized, uniform, and systematic purchasing process implemented by LivingSocial.

41.     ***Adequacy of Representation***.   Plaintiff will fairly and adequately protect the interests of the members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to her for the unfair and illegal conduct of which she complains.   Plaintiff has retained highly competent counsel and experienced class action attorneys to represent her interests and that of the Class.   Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic interests to those of the Class.   Plaintiff is willing and

1  prepared to serve the Court and the Class members in a representative capacity with all of the

2  obligations and duties material thereto and is determined to diligently discharge those duties by

3  vigorously seeking the maximum possible recovery for Class members.

4      42.   ***Typicality.***  Plaintiff's claims are typical of the claims of the members of the

5  Class because she purchased the "livingsocial" gift certificate from LivingSocial in a typical

6  retail consumer process and the "livingsocial" gift certificate had an expiration date.  Thus,

7  Plaintiff and Class members sustained the same damages arising out of LivingSocial's

8  common course of conduct in violation of law as complained of herein.  The damages of each

9  Class member were caused directly by LivingSocial's wrongful conduct in violation of law as

10  alleged herein.

11      43.   Adequate notice can be given to Class members directly using information

12  maintained in LivingSocial's records or through notice by publication.

13  ### Rule 23(b)(3)

14      44.   This action is appropriate as a class action pursuant to Rule 23(b)(3) of the

15  Federal Rules of Civil Procedure.

16      45.   ***Existence and Predominance of Common Questions of Law and Fact.***

17  Common questions of law and fact exist as to all members of the Class and predominate over

18  any questions affecting only individual Class members.   These common legal and factual

19  questions include, but are not limited to, the following:

20      (a)   Whether LivingSocial sold and issued "livingsocial" gift certificates

21          subject to expiration dates;

22      (b)   Whether LivingSocial's imposition of expiration dates on "livingsocial"

23          gift certificates violates federal laws, California state laws, and/or similar

24          laws in other states;

25      (c)   Whether LivingSocial engaged in deceptive and unfair business and trade

26          practices related to the imposition of expiration dates on "livingsocial"

27          gift certificates and other onerous terms and conditions;

28

-11-

(d)     Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

(e)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon.

46.     ***Superiority.***  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding LivingSocial's activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  The trial and litigation of Plaintiff's claims will be manageable.

47.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this Class Action Complaint that would preclude its maintenance as a class action.

### Rule 23(b)(2)

48.     This action is also appropriate as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

49.     Plaintiff also seeks injunctive and corresponding declaratory and incidental monetary relief for the entire Class.  LivingSocial acted in a manner generally applicable to the entire Class by selling and/or issuing "livingsocial" gift certificates with illegal expiration dates.

50.     LivingSocial's wrongful conduct and practice to unlawfully sell and/or issue "livingsocial" gift certificates, if not enjoined, will subject Class members to enormous

1   continuing future harm and will cause irreparable injuries to Class members who are misled

2   and denied their rights.

3        51.    Plaintiff also seeks preliminary injunctive relief to enjoin LivingSocial from

4   selling and/or issuing "livingsocial" gift certificates with illegal expiration dates.  LivingSocial

5   sells thousands of "livingsocial" gift certificates *daily* and each sale increases the odds that

6   consumers will fail to redeem their "livingsocial" gift certificates before the illegal expiration

7   date.  The result is that LivingSocial enjoys a substantial windfall at the expense of Plaintiff,

8   Class members, and consumers nationwide.

9        52.    The monetary relief sought on behalf of the Class to remedy LivingSocial's

10   wrongful conduct flows directly from LivingSocial's liability to the Class as a whole and can

11   be objectively determined.  The loss of monies by Class members can be mathematically

12   quantified and does not depend on any subjective assumptions or idiosyncrasies that are

13   particular to individual Class members.  Damages may be calculated from the sales records in

14   LivingSocial's possession, so that the cost of administering a recovery for the Class can be

15   minimized.  Importantly, the precise amount of damages available to Plaintiff and other

16   members of the Class is not a barrier to class certification.

17   **COUNT I**

18   **Violations of the Credit Card Accountability Responsibility and Disclosure**
**Act and Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, on Behalf of**

19   **Plaintiff and All Class Members Against LivingSocial**

20        53.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

21   Class Action Complaint as if set forth herein.

22        54.    The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift

23   certificates that feature and are subject to expiration dates.

24        55.    LivingSocial sold and issued and/or agreed to sell and issue "livingsocial" gift

25   certificates, which are "gift certificates" as defined under 15 U.S.C. § 1693l-1(a)(2)(B).

26   "Livingsocial" gift certificates constitute promises that are: (a) redeemable at a single merchant

27   or an affiliated group of merchants; (b) issued in a specified amount that may not be increased

28

or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

56.     At all relevant times, "livingsocial" gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by LivingSocial.

57.     "LivingSocial" gift certificates are not exclusively issued in paper form, as LivingSocial provides an e-mail link to consumers to download and print such gift certificates. Moreover, consumers may download "livingsocial" gift certificates to their mobile phones through an application available on LivingSocial's website.

58.     "LivingSocial" gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

59.     LivingSocial violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue "livingsocial" gift certificates with expiration dates, which is plainly prohibited under § 1693l-1(a)(2)(B) and § 1693l-l(c)(1).

60.     As a direct and proximate result of LivingSocial's unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by LivingSocial through the sale of "livingsocial" gift certificates with illegal expiration dates.

61.     Pursuant to 15 U.S.C. § 1693m, Plaintiff, on behalf of herself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

### COUNT II

**Violations of California Business & Professions Code § 17200 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in California Against LivingSocial**

62.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

63.     Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

64.     Section 17200 specifically prohibits any *"unlawful* ... business act or practice." LivingSocial violates § 17200's prohibition against engaging in an unlawful act or practice by, *inter alia,* selling and issuing and/or agreeing to sell and issue "livingsocial" gift certificates that feature and are subject to expiration dates that are prohibited under both federal law, California state laws, and similar laws in other states.

65.     As discussed above, LivingSocial's ongoing sale and issuance of gift certificates with expiration dates violates the CARD Act and EFTA, 15 U.S.C. § 1693 *et seq.*

66.     LivingSocial also violates California's gift certificate laws, Cal. Civ. Code §1749.5, and the CLRA, §1750 *et seq.*, and similar laws in other states by selling and issuing and/or agreeing to sell and issue "livingsocial" gift certificates with expiration dates.  Plaintiff and Class members reserve their right to allege other violations of law which constitute other unlawful business acts or practices, as further investigation and discovery warrants. Such conduct is ongoing and continues to this date.

67.     "Livingsocial" gift certificates are marketed and sold to the general public and are *not* "distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate." Cal. Civ. Code §1749.5(d)(1).   In addition, "livingsocial" gift certificates are marketed and sold to the general public and are not "donated or sold below face value at a volume discount to employers or to nonprofit and charitable organizations for fundraising purposes." Cal. Civ. Code §1749.5(d)(2).

68.     Section 17200 also prohibits any *"unfair* . . . business act or practice." As described in the preceding paragraphs, LivingSocial engaged in the unfair business practice of selling and issuing "livingsocial" gift certificates with illegal and deceptive expiration dates.

-15-

69.     LivingSocial, with the approval and agreement of its retail business partners, imposed other unfair conditions on its "livingsocial" gift certificates, including forcing consumers to redeem the gift certificates in the course of a single transaction and not providing for the exchange of any unused portion of the gift certificates for their cash value. LivingSocial also unfairly limits consumers from using more than one "livingsocial" gift certificate during each visit to the retail business offering the particular product or service.

70.     Moreover, based on information and belief, LivingSocial does not provide cash refunds to consumers when the retail business offering the product or service refuses to honor the "livingsocial" gift certificate.

71.     LivingSocial's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State.   Further, any justifications for LivingSocial's wrongful conduct is outweighed by the adverse effects of such conduct.   Thus, LivingSocial engaged in unfair business practices prohibited by California Business & Professions Code § 17200 *et seq.*

72.     Section 17200 also prohibits any *"fraudulent business act or practice."* LivingSocial violated this prong of the UCL by disseminating and/or agreeing to disseminate, through LivingSocial's website and other promotional channels, misleading and partial statements about "livingsocial" gift certificates that have a tendency to mislead the public. Further, LivingSocial violated this prong of the UCL by omitting material information about "livingsocial" gift certificates with the intent to induce reliance by consumers to purchase such gift certificates.   LivingSocial's claims, nondisclosures and misleading statements concerning "livingsocial" gift certificates, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code § 17200.

73.     Section 17200 also prohibits any "*unfair, deceptive, untrue or misleading advertising.*"   For the reasons set forth above, LivingSocial engaged in unfair, deceptive,

-16-

untrue and misleading advertising in violation of California Business & Professions Code §
17200.

74.     LivingSocial's conduct caused and continues to cause substantial injury to
Plaintiff and other Class members.  Plaintiff has suffered injury in fact and lost money as a
result of LivingSocial's unfair conduct.

75.     Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an
order requiring LivingSocial to immediately cease such acts of unlawful, unfair and fraudulent
business practices and requiring LivingSocial to return the full amount of money improperly
collected to all those who have paid it.

## COUNT III

**False and Misleading Advertising in Violation of California Business &
Professions Code § 17500 *et seq.*, on Behalf of Plaintiff and Class Members
Who Reside in California Against LivingSocial**

76.     Plaintiff repeats and re-alleges each and every allegation contained above as if
set forth herein.

77.     California Business & Professions Code § 17500 *et seq.* prohibits various
deceptive practices in connection with the dissemination in any manner of representations
which are likely to deceive members of the public to purchase products and services such as
the "livingsocial" gift certificates offered by LivingSocial.

78.     LivingSocial's acts and practices as described herein have deceived and/or are
likely to deceive Plaintiff and Class members.  LivingSocial uses its website and targeted
"Daily Deal" promotions, along with other social media, such as Facebook and Twitter, to
extensively market and advertise the gift certificates with misleading and illegal expiration
dates and other deceptive terms to consumers.

79.     By its actions, LivingSocial has been and is disseminating uniform advertising
concerning "livingsocial" gift certificates, which by its nature is unfair, deceptive, untrue, or
misleading within the meaning of California Business & Professions Code § 17500 *et seq.*
Such advertisements are likely to deceive, and continue to deceive, the consuming public for
the reasons detailed above.

80.     LivingSocial intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint. In fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment.

81.     The above described false, misleading, and deceptive advertising LivingSocial disseminated continues to have a likelihood to deceive in that LivingSocial has failed to disclose the true and actual limitations of its gift certificates.  LivingSocial has failed to instigate a public information campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of its gift certificates.

**COUNT IV**
**Violations of the Consumer Legal Remedies Act,**
**California Civil Code §1750 _et seq._, on Behalf of Plaintiff and Class Members**
**Who Reside in California Against LivingSocial**

82.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

83.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, _et seq._ (the "CLRA"), which provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

84.     Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The "livingsocial" gift certificates sold and issued by LivingSocial constitute "goods" and "services" as defined by Cal. Civ. Code § 1761(a) and (b).

85.     LivingSocial's ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "livingsocial" gift certificates violate the following subsections of Cal. Civ. Code §1770(a) in these respects:

   (5)     LivingSocial's acts and practices constitute misrepresentations that "livingsocial" gift certificates have characteristics, benefits or uses which they do not have;

(7)     LivingSocial misrepresented that "livingsocial" gift certificates are of a particular standard, quality and/or grade, when they are of another;

(9)     LivingSocial's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

(14)    LivingSocial's acts and practices fail to represent that the transaction involving "livingsocial" gift certificates confers or involves obligations that are prohibited by law, particularly the imposition of illegal expiration dates and other onerous sales terms;

(16)    LivingSocial's acts and practices constitute representations that "livingsocial" gift certificates have been supplied in accordance with previous representations when they have not; and

(19)    LivingSocial inserted unconscionable provisions in the contract for the purchase of gift certificates, specifically illegal expiration dates and other onerous, one-sided restrictions as to the gift certificates' use and redemption.

86.     By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed, entitling them to injunctive relief, disgorgement and restitution.

87.     Pursuant to § 1782 of the CLRA, by letter dated April 20, 2011, Plaintiff notified LivingSocial in writing of the particular violations of § 1770 of the CLRA and demanded LivingSocial rectify the actions described above by providing complete monetary relief, agreeing to be bound by its legal obligation and to give notice to all affected customers of its intent to do so.  Plaintiff sent this notice by certified mail, return receipt requested, to LivingSocial's principal place of business.  A copy of the letter dated April 20, 2011, is attached as Exhibit B.

88.     If LivingSocial fails to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to § 1782 of the CLRA, Plaintiff will amend this claim to add additional claims for relief, including claims for compensatory and exemplary damages. Plaintiff is already entitled to the relief set forth above, along with costs, attorneys' fees and any other relief which the Court deems proper.

89.     LivingSocial's conduct is malicious, fraudulent and wanton.

90.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit C is the affidavit showing that this action has been commenced in the proper forum.

### COUNT V

**Unjust Enrichment, on Behalf of Plaintiff and All Class Members Against LivingSocial**

91.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

92.     LivingSocial was unjustly enriched at the expense of Plaintiff and the Class members by its wrongful acts and omissions described herein, including knowingly and/or recklessly selling and issuing and/or agreeing to sell and issue "livingsocial" gift certificates that feature and are subject to expiration dates that are prohibited under both federal and California state laws and similar laws in other states; disseminating and/or agreeing to disseminate, through LivingSocial's website and other promotional channels, misleading and partial statements about "Livingsocial" gift certificates that have a tendency to mislead the public; forcing consumers to redeem the gift certificates in the course of a single transaction; not providing for the exchange of any unused portion of the gift certificates for their cash value; and unfairly limiting consumers from using more than one "livingsocial" gift certificate during each visit to the retail business offering the particular product or service.

93.     LivingSocial appreciated and/or realized the benefits in the amount of the profits it earned from the sales of "livingsocial" gift certificates to Plaintiff and Class members.

94.     LivingSocial profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for LivingSocial to be permitted to retain the benefit.

95.     Plaintiff and Class members were deprived of the use of their money that was charged and collected by LivingSocial through the sale of "livingsocial" gift certificates with expiration dates.

96.     Plaintiff does not have an adequate remedy at law against LivingSocial.

97.     Plaintiff and Class members are entitled to restitution of monies paid and disgorgement of the profits derived from the sale of the "livingsocial" gift certificates.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against LivingSocial as follows:

A.     For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed Class described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel as Lead Counsel for the Class;

B.     For an order preliminarily and permanently enjoining LivingSocial from continuing to sell and issue "livingsocial" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C.     For an order requiring LivingSocial to fund a corrective advertising campaign in order to remedy its wrongful and illegal conduct;

D.     For an order awarding restitution of the monies LivingSocial wrongfully acquired by its wrongful and illegal conduct;

E.     For an order requiring disgorgement of monies wrongfully obtained as a result of LivingSocial's wrongful and illegal conduct;

F.     For compensatory damages, including actual and statutory damages, arising from LivingSocial's wrongful and illegal conduct;

G.     For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

1    H.    For pre-judgment and post-judgment interest at the legal rate; and

2    I.    For such other and further relief as the Court deems just and proper.

3

4                              **JURY DEMAND**

5    Plaintiff demands a trial by jury on all issues so triable.

6

   DATED:  April 21, 2011

7
                                          BONNETT, FAIRBOURN, FRIEDMAN
8                                           & BALINT, P.C.
                                          ANDREW S. FRIEDMAN
9                                         ELAINE A. RYAN
                                          PATRICIA N. SYVERSON (203111)
10

11
                                             s/*Patricia N. Syverson*
12                                         Patricia N. Syverson

13
                                          2901 N. Central Avenue, Suite 1000
14                                        Phoenix, AZ  85012
                                          Telephone:  602/274-1100
15                                        Facsimile: 602/274-1199

16

17
                                          BONNETT, FAIRBOURN, FRIEDMAN
18                                          & BALINT, P.C.
                                          TODD D. CARPENTER (234464)
19                                        600 W. Broadway, Suite 900
                                          San Diego, California 92101
20                                        Telephone:  619/756-6978
                                          Facsimile:  602/798-5860
21
                                          Attorneys for Plaintiff
22

23

24

25

26

27

28

                                  -22-

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KIMBERLY PULLMAN, on behalf of herself and all others similarly situated and the general public

## DEFENDANTS

HUNGRY MACHINE, INC., d/b/a LIVINGSOCIAL.COM

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Bonnett Fairbourn Friedman & Balint, 2901 N. Central Ave., #1000, Phoenix, AZ 85012, 602-274-1100

Attorneys (If Known)

'11 CV 0846 LAB JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 (aef) | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 (aef) |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | |
| | | | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1693-28:1331 (aef)
Brief description of cause:
Violation of credit card accountability responsibility and disclosure act; Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  04/21/2011

SIGNATURE OF ATTORNEY OF RECORD  /s/ Patricia N. Syverson

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____